IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA LIMON, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:17-cv-67 |
| | § | JURY DEMANDED |
| PAYLESS SHOE SOURCE, INC., | § | |
| Defendant | § | |

**PLAINTIFF, CYNTHIA LIMON'S ORIGINAL COMPLAINT AND JURY DEMAND**

Comes Now Cynthia Limon ("Limon" or "Plaintiff") and complains of Payless Shoe Source, Inc. ("Payless "or "Defendant") alleging and stating her claims for relief as follows:

**I.**
**NATURE OF THIS ACTION, JURISDICTION AND VENUE**

1. Plaintiff brings this action in law and in equity to redress a deprivation of the laws of the United States of America, more particularly those designed to safeguard the rights of persons who are 40 years of age or older.

2. Plaintiff asserts claims for legal and equitable relief for discrimination, harassment and retaliation against Payless under The Age Discrimination in Employment Act of 1967, codified in 29 U.S.C. §§ 621-634.(" ADEA").

3. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 & 29 U.S.C § 626(c).

4. Venue is prescribed by 29 U.S.C §1391 and properly lies in the Laredo Division of the Southern District of Texas where Plaintiff's claims arose in their entirety.

**II**
**THE PARTIES**

5. Plaintiff Cynthia Limon ("Plaintiff" or "Limon") is an adult female Hispanic resident of Webb

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page **1** of **10**

County, Texas whose date of birth is December 15, 1974.

6. At all times set forth below Plaintiff was an "employee of an employer" as the term is understood in the Law.[1]

7. Defendant, Payless ShoeSource, Inc. ("Payless") is a for profit corporation organized and existing under the laws of the State of Missouri. It may be served with process through its registered agent for service of process in Texas CT Corporation Systems 1999 Bryan Ste 900, Dallas, Texas 75201-3136. A waiver is being sent to Defendant through its attorney or registered agent

8. At all times set forth below, Payless was a company engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year:[2] The Defendant is engaged in the sale of footwear, transported through interstate commerce and thereafter sold to the paying public through several retail outlets in the Laredo, Webb County, Texas area.

## III.
## FIRST CLAIM FOR RELIEF
## ADEA- AGE BASED DISCRIMINATION-PROMOTION AND PAY CUTS

9. Plaintiff, is 42 years of age.

10. Limon commenced her employment with Payless on November 24, 2007 when she was hired on a part time basis as a salesperson by Sylvia Sanchez.

11. Plaintiff's duties included , but were not limited to :

    a) The receipt of merchandise;

---

[1] 29 U.S C. § 630(f).
[2] 29 U.S C. § 630(b).

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

    b) Cashier; and

    c) A retail salesperson.

12. By way of background, Payless operates several outlets for the retail sale of footwear in the Laredo Texas area, among which are Laredo stores located on:

    a) Convent Avenue;

    b) Mall Del Norte;

    c) San Dario Avenue;

    d) South Laredo- South Zapata Highway; and

    e) Loop 20 at Clark Street.

13. Plaintiff's initial job assignment was at the Defendant's Convent Avenue store.

14. Plaintiff was required to work 30 to 40 hours per week at a rate of $7.64/hr.

15. Although Plaintiff's primary workplace was the Defendant's Convent Store, she was often called upon to "fill in" temporarily at Defendant's other retail stores, including at Mall Del Norte location, San Dario location, South Zapata Highway location and Farragut Street location in Downtown Laredo.

16. In 2008, Limon was transferred to Defendant's retail store on Clark Street and Loop 20 "Loop 20 Store'.

17. Upon Limon's transfer to the Defendant's Loop 20 store, she received a pay raise to $8.65/hr. and was made a full time employee working 40 or more hours a week.

18. Plaintiff was given additional responsibilities at the Loop 20 store, which in addition to the duties set forth in ¶ 11 above included *inter alia* cleaning and closing the store, and supervising 2 employees.

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 3 of 10

19. Additionally, following her transfer from the Defendant's Convent Store to its Loop 20 facility, Plaintiff was made a "key holder" and given the responsibility of opening and/or closing the store containing valuable merchandise; a position of trust.

20. In 2009, Plaintiff was compelled to seek a transfer back to the Convent Store in Downtown Laredo, due to Defendant's refusal to accommodate her hours so that she could attend an English as a Second Language Course.

21. Following the Plaintiff's transfer to Defendant's Convent Store in 2009, her key holder status was revoked and her pay was reduced by $1.00/hr.

22. Thereafter, in that same year, Ramiro Sanchez, the manager of Defendant's Loop 20 store, requested that Plaintiff return to her former duties at the Defendant's Loop 20 store

23. Upon Plaintiff's transfer/return to Defendant's Loop 20 store, her pay was increased by $1.00/hr. and her hours increased to 40 per workweek. Additionally, Plaintiff's status as a key holder and her supervisory duties were restored when she transferred to the Loop 20 store.

24. In 2012, Ester Alvarez, Defendant's Manager of the Defendant's Loop 20 store, moved to San Antonio.

25. Alvarez was replaced by Claudia Rubio, denominated by the Defendant as a "Temporary Store Manager". Rubio, Defendant's "Temporary Store Manager 'in turn promoted the Plaintiff to the post of "Temporary Assistant Manager" at the Defendant's Loop 20 store.

26. In her post as "Temporary Assistant Manager", Plaintiff performed additional job duties, including, but not limited to, the supervision of all employees at the Loop 20 Store.

27. During her tenure as "Temporary Assistant Manager", Limon requested that she be given additional compensation and the post of Assistant manager.

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 4 of 10

28. Limon's request was made to Ray Martinez, Defendant's Area Supervisor.

29. Notwithstanding the Plaintiff's request, Defendant failed and refused to compensate the Plaintiff for the performance of her additional duties and responsibilities as Temporary Assistant Manager or to make her position a permanent one.

30. In December of 2015, Defendant failed and refused to promote Limon to the permanent position of Assistant Store Manager at its Loop 20 Store or to consider her for that position despite her tenure at Defendant's Loop 20 store performing those duties.

31. In December of 2015, Defendant assigned Jaqueline Toscano, a female less than 40 years of age, as "Permanent "Store Manager to replace Claudia Rubio who had been performing those duties "temporarily".

32. Between December of 2015 and July of 2016, Plaintiff made it known to Toscano, a younger employee of Defendant that she had performed the Assistant Manager's functions at Defendant's Loop 20 store and she wished to be made a permanent Assistant Manager at Defendant's Loop 20 store.

33. Toscano denied Plaintiff's request to be made Assistant Manager at Defendant's Loop 20 store; this in spite of Plaintiff's having performed those duties at that facility for over one year on a full time basis.

34. Irritated because of Plaintiff's request for promotion to " Permanent" Assistant Manager, in April and/or May of 2016 Toscano reduced the Plaintiff's work hours and compensation

35. Toscano reduced the Plaintiff's 36 to 40 work hours to 24 hours per week with an attendant loss of pay.

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 5 of 10

36. In April of 2016, Plaintiff complained internally of the age based failure to promote her to the post of Assistant Manager at the Loop 20 store with an attendant increase of pay.

37. Defendant took no action to remedy the failure to promote Plaintiff and to ameliorate the cut in her working hours.

38. After Plaintiff complained about the age related discrimination, Toscano retaliated and again reduced the Plaintiff's working hours from 36 hours per workweek to 24 hours per workweek for the offered reason that she wanted her own people working at the Loop 20 store.

39. In addition to cutting Plaintiff's working hours after Plaintiff complained internally of her non selection as assistant manager, Toscano began issuing Plaintiff a series of baseless warnings in an effort to show Plaintiff was not qualified for the position of assistant manager that she had performed for over one year at the Defendant's Loop 20 store, including one such warning was for a *de minimis* cash shortage.

40. Younger employees under the supervision of Toscano received no such warnings for cash shortages in amounts that exceeded that of the Plaintiff.

41. In or about June or July of 2016, Toscano selected Kimberly Sanchez, a younger less qualified female to occupy the Assistant Manager's position, for which the plaintiff had applied and/or requested.

42. Sanchez had, prior to her promotion by Toscano, only worked as a part time sales employee at Payless and part time at another company, HEB Plus.

43. In fact, Sanchez, the younger selectee, was so unqualified for the Assistant Manager Position that it became incumbent upon Defendant to send her to classes and to show her videos and

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 6 of 10

give her training materials so that she would understand her duties as Assistant Manager at the Loop 20 Store.

44. Even so, Toscano would cover for this younger employee by misrepresenting to her supervisors that the younger selectee was qualified and had completed all of her training to become Assistant Manager of Defendant's Loop 20 store, when in fact the selectee had not done so.

45. Toscano, who is younger than Limon, did not select the Plaintiff, a qualified employee over the age of 40 with six years of experience for the position Assistant Manager because of Plaintiff's age.

46. In the interim, Toscano, in May of 2016 put the Plaintiff, who was older than her, "out to pasture" by transferring her to the Defendant's Convent Store and making her a part time employee at that retail outlet..

47. At the Defendant's Convent store, Adela Salazar, Plaintiff's supervisor and manager, cut Plaintiff's working hours even more drastically than these had been cut at the Loop 20 Store.

48. On August 13, 2016, Plaintiff requested that Salazar increase her working hours based upon Plaintiff's 6 year tenure of employment with Payless.

49. In response to Plaintiff's request, Salazar informed the Plaintiff that there were no hours available for the Plaintiff to work and, further, that none would be available for the next 6 month period effectively terminating the Plaintiff's employment because of her age, 42.

50. As a direct and proximate cause of Defendant's unlawful practices, Plaintiff has sustained economic injuries consisting of lost pay, both past and future, due to Defendant's reduction of her hours and failure to promote her.

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page **7 of 10**

51. In order to ameliorate the economic harm vested upon the Plaintiff, she requests that this Court enter an Order reinstating her to her former employment and correspondingly that she be given the position of Assistant Manager at one of Defendant's Laredo Texas Retail stores as authorized by 29 U.S.C.626 (b). In the event that reinstatement is not feasible, Plaintiff requests all lost back pay and lost front pay for a period of five years or as may be determined by the Court.

52. Plaintiff further requests that the adverse actions Defendant undertook against the plaintiff to constitute willful violations of the Age Discrimination in Employment Act and award her liquidated damages in an amount equal to the actual economic losses sustained by her.

53. In Order to protect and vindicate her Rights under the ADEA, it became necessary for the Plaintiff to engage and retain the undersigned to prepare and prosecute this action. Accordingly, Plaintiff requests that she be awarded a reasonable attorneys fee as an incident of her costs of court as authorized by 29 U.S.C.216 (b) & 626.

54. Plaintiff dual filed her charge of unlawful age discrimination and retaliation numbered 451-2016-02882 with the Texas Workforce Commission- Civil Rights Division and The United States Equal Employment Opportunity Commission on August 30, 2016.

55. Plaintiff actually received her notice of her right to institute suit under The Age Discrimination in Employment Act on January 6, 2017.

56. To the extent recoverable, Plaintiff further requests punitive or exemplary damages to the extent recoverable.

## IV.
## SECOND CLAIM FOR RELIEF
## ADEA- RETALIATION

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page **8 of 10**

57. Limon realleges and reasserts the facts averments and denials contained in ¶¶ 1 through and including 56 above.

58. Following Plaintiff's complaints of age based discrimination, including complaints to defendant's alert/hot line, plaintiff suffered the following adverse personnel actions:

    a. A reduction in working hours and pay;

    b. A denial of promotion to " Permanent " assistant manager;

    c. A discharge from her employment of 6 years with the Defendant.

59. All of the above listed adverse personnel actions are in contravention of 29 U.S.C. § 626 (d).

## PRAYER

Plaintiff prays that defendant be cited to appear and give its answer and that upon a trial of this action before a jury, she recover her damages past and future, the equitable relief set forth above, and that the court find Defendant's actions specified above to constitute willful violations of the Age Discrimination in Employment Act and award her, in addition to the actual damages sustained, liquidated damages equivalent to those actual damages sustained by her as well as her costs of court including a reasonable attorneys fee as authorized by law together with such other and further relief to which she may show herself to be justly entitled. Plaintiff demands a trial by jury.

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 9 of 10

Respectfully Submitted,

PONCIO LAW OFFICES, P.C.
A Professional Corporation
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile:  (210) 212-5880
E mail:salaw@msn.com

By:  /s/ Adam Poncio

ADAM PONCIO
Attorney In Charge
State Bar No. 16109800
Southern District I.D. 194847
THOMAS N. CAMMACK, III
State Bar No. 24073762
Southern District I.D. 2433512
ALAN BRAUN
State Bar No. 24054488
Southern District I.D. 1428056
MURRAY E. MALAKOFF (of counsel)
State Bar No. 12853700
Southern District I.D. 5762

ATTORNEYS FOR PLAINTIFF

*Cynthia Limon v Payless Shoe Source*
Plaintiff's Original Complaint
United States District Court for the Southern District of Texas –Laredo Div.

Page 10 of 10